UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ULTIMATE TIMING, L.L.C., a Washington limited liability company, and ARASH KIA, an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 3:09-mc-6-RLY-WGH |
| DAVID SIMMS, an individual, SA INNOVATIONS, LLC, d/b/a SAI TIMING & TRACKING, a Michigan limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING JOINT MOTION TO
## QUASH SUBPOENAS DUCES TECUM

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the Joint Motion to Quash Subpoenas Duces Tecum filed by non-parties ChronoTrack Systems, Inc., and Tacit Solutions, Inc., on February 27, 2009.  (Docket Nos. 1-2).  Plaintiffs filed their Response on March 17, 2009.  (Docket No. 6).  A Reply was filed by the non-parties on March 25, 2009.  (Docket No. 7).  On April 9, 2009, plaintiffs were granted leave to supplement their Response with a copy of the fully-executed Protective Order now on file in the Western District of Washington in the underlying litigation. (Docket Nos. 10-11).

The Magistrate Judge, being duly advised, now **GRANTS** the motion to quash.

Plaintiffs in the case pending in the Western District of Washington, Seattle Division, served subpoenas on certain non-parties to that lawsuit in the Southern District of Indiana.  The subpoenas request the production of documents in 48 separate categories.  The face of the subpoenas do not suggest that there is any time limitation applicable to the requests.  Production under the subpoenas is complicated by the fact that the non-parties have received certain cease and desist letters from plaintiffs alleging that these non-parties are infringing plaintiffs' patent or patents.  From a review of the documents provided to the court, it would appear that the non-parties are direct competitors with plaintiffs in the Washington action.

Plaintiffs raise the following issues in their opposition to the motion to quash:

(1)    that the motion to quash is untimely because it was not filed within 14 days after the subpoenas were served, as required by Federal Rule of Civil Procedure 45(c)(2)(B);

(2)    that the recipients of the subpoenas have failed to meet their burden to prove that the requests are unduly burdensome; and

(3)    that the subpoenas are reasonable and that plaintiffs have a substantial need for the documents to be produced.

As to the first issue, the court concludes that the subpoenas were served on January 21, 2009; that under Federal Rule of Civil Procedure 6, responses

would have been required by February 9, 2009.[1]  The motion to quash was not filed until February 27, 2009, the date when compliance with the subpoenas was due.  While deadline compliance is to be encouraged by the court, in this particular case, the court will not decline to consider the motion merely because of a failure to comply with the time constraints required by the rules.  This is specifically because the parties to this dispute are competitors and the subpoenas clearly call for documents which are proprietary in nature.  The court will determine that justice is better served by addressing the issue on the merits.

With respect to the issue of undue burden, it is incumbent upon the recipients of the subpoenas to show that the burden upon them is undue.  This court's review of the number and breadth of the requests indicate that it is likely that each and every employee, officer, or contractor of the recipient would be required to search records to comply with the subpoenas.  Non-party Tacit Solutions has only seven employees.  (Plaintiffs' Memorandum, p. 5; Non-parties' Memorandum, p. 4).  Although this is a relatively small number of employees, the request that each of those employees review all correspondence, all drawings, all agreements, all invoices, and all development and marketing documentation, as requested here, indicates that substantial effort would be required to assemble the data which plaintiffs seek.

---

[1]Pursuant to Federal Rule of Civil Procedure 6(d), when service is made under Rule 5(b)(2), as was done here, three days are added to the appropriate time period for a response.

ChronoTrack Systems and Tacit Solutions have not established with great specificity how the search for various items would be conducted and why that search is particularly burdensome given the manner in which ChromoTrack Systems or Tacit Solutions maintain their records. If future subpoenas were issued to ChronoTrack Systems and Tacit Solutions which were more constrained in time and subject matter, and were accompanied by an appropriate protective order, a more detailed description of undue burden and expense would be required before the court would consider that ChronoTrack Systems and Tacit Solutions had established undue burden and expense.

With respect to plaintiffs' argument that the subpoenas are reasonable and they have substantial need for the documents to be produced now, plaintiffs argue that ChronoTrack Systems and Tacit Solutions are potential parties to the litigation pending in the District of Washington. (Plaintiffs' Brief, p. 6). While the Magistrate Judge could discern that certain portions of the items subject to subpoena could be relevant to the case pending in the District of Washington, it is difficult for the Magistrate Judge to discern which portions of the 48 categories of items sought by plaintiffs are truly necessary to establish facts relevant to the Washington case, and which of the requests may be used to obtain confidential and proprietary information of a competitor under the guise of discovery. The Magistrate Judge believes that in a circumstance involving direct competitors, caution must be used in pre-litigation discovery devices to limit the potential that discovery directed to non-parties is used for the

improper purpose of obtaining proprietary information of the competitor.  In this case, the breadth of the subpoenas issued does not allow the Magistrate Judge to draw a bright line between that which is relevant to the underlying litigation and that which may be a fishing expedition for other proprietary information.  Under these circumstances and because of the breadth of the requests, the fact that the parties are competitors, the existence of the cease and desist letters, and the lack of any protective order agreed to between the parties,[2] the motion to quash should be granted at this time.  The parties are directed to consult with one another and attempt to restructure the subpoenas prior to serving any such additional process.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  April 28, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

---

[2]The executed Protective Order filed in the underlying litigation is an example of a protective order that may be appropriate to be executed between ChronoTrack Systems/Tacit Solutions and plaintiffs.  Without the execution of a similar order between these parties, the existence of the Protective Order in the underlying case may not fully protect ChronoTrack Systems/Tacit Solutions because they are not currently parties to that underlying Protective Order.

**Copies to:**

Jason Alan Wright
FOSTER PEPPER LLP
wrigj@fosterpdx.com

William "Skip" Fisher
SCHWABE WILLIAMSON & WYATT PC
U.S. Bank Centre
1420 5th Avenue
Suite 3010
Seattle, WA 98101

Andrew Scott Ward
KECK & FOLZ
award@evansville.net